UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| AHMED M., | Case No. 26-CV-0336 (PJS/DJF) |
| Petitioner, | |
| v. | ORDER |
| PAMELA JO BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; TODD LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement, | |
| Respondents. | |

---

Graham Blair Ojala-Barbour, OJALA-BARBOUR LAW FIRM, for petitioner.

Friedrich A.P. Siekert and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Ahmed M.'s petition for a writ of habeas corpus.[1] Ahmed, a citizen of Somalia, entered the United States without inspection on November 2, 2022. V. Pet. ¶ 1. Ahmed was detained shortly after his unlawful entry and, on November 4, 2022, he was released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act"—that is,

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

8 U.S.C. § 1226.  V. Pet. ¶ 3.  Ahmed applied for asylum and withholding of removal on May 15, 2023.  V. Pet. ¶ 6.  Ahmed has no criminal history, has not violated any of his release conditions, and has a valid work permit based on his pending asylum application.  V. Pet. ¶¶ 4, 6, 32.  On January 14, 2026, Immigration and Customs Enforcement ("ICE") broke down his apartment door and took him into custody.  V. Pet. ¶ 7.

Respondents take the position that Ahmed is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from *Santos M.C.* and instead argue that *Santos M.C.* was wrongly decided. Respondents' argument has some force, but the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Ahmed, who entered without inspection and are already present and living in the United States.[2]

As to remedy: Respondents argue that release is not warranted, but that the Court should instead order a bond hearing pursuant to § 1226(a). Ahmed was previously conditionally released under § 1226(a), however, *see* V. Pet. ¶¶ 3–4, and respondents have offered no evidence or argument that Ahmed has violated those conditions or that any other circumstances have changed. The Court will therefore grant Ahmed's petition and order his release. *See Abdiqadir A. v. Bondi*, No. 26-CV-272 (JMB/DTS), 2026 WL 125577, at *2 (D. Minn. Jan. 16, 2026) (ordering release where petitioner was previously released on conditions, did not violate any terms of the release, and had a pending asylum and withholding-of-removal application); *Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *7–9 (S.D.N.Y. Nov. 4, 2025) (ordering release because, before release under § 1226(a) may be revoked, the government must first make a discretionary decision to do so; the government's

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 5 at 4.

invocation of mandatory detention under § 1225 showed that no such discretionary decision was made).

Finally, the Court notes that it previously enjoined respondents from moving Ahmed out of Minnesota and ordered that, if Ahmed had already been moved, he must be immediately returned to Minnesota. ICE's records indicate that Ahmed is currently being held in Texas in violation of the Court's order.[3] The Court will therefore also order that Ahmed be returned to Minnesota.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must immediately return petitioner to Minnesota and release him from custody, subject to the conditions of his November 4, 2022, Order of Release on Recognizance.

---

[3] *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/odls/#/search.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 20, 2026                    /s/ Patrick J. Schiltz
                                                        Patrick J. Schiltz, Chief Judge
                                                        United States District Court